Reese, J.
delivered the opinion of the court.
In this case two questions arise. 1st. Whether, when a judgment has been rendered against two or more, a capias ad satisfa-ciendum, under the provisions of the act of 1831, ch. 40, can upon a proper ground being laid by the affidavit of the plaintiff, as to one defendant, be issued against that one only?
And, 2dly. When a capias has issued, and the defendant upon the'arrest has given bond,pursuant to the act of 1824, ch. 17, judgment thereon can be refused, or the ca. sa. be quashed, because of the insufficiency or absence of the affidavit ?
As to the first question, it is undoubtedly true, that dt common law, and in general, the execution must pursue the judgment. But when a positive statutory provision has been enacted, the-substantial benefits of which cannot be attained in some instances, without a modification of, or a departure from common law forms, that modification must be adopted, or that departure made to the extent only, that may be necessary to give'effect to'the legislative will.
To insist that the ca. sa., as to' the number of the defendants, must pursue the judgment, would deprive the creditor of the use of that process in many instances, where the fraudulent conduct of his debtor would by the terms of the statute entitle him, -because such debtor might be associated as a defendant with those against whom he could not file an affidavit. One defendant is totally insolvent, but altogether honest; the other fraudulently withholds his money or conveys his property; if under our statute the process cannot depart from' the judgment, the latter defendant is effectually protected by his connection with the former, from the issuance of a ca. sa.; or as has been suggested, one female defendant may protect any number of fraudulent co-defendants.
By the statute of 1831, the writ of ca. sa. is abolished in general; |t continues to exist only sub modo, and it can issue only against such defendants as may be included in the application for its issuance by the creditor, grounded upon his affidavit. It, therefore, need not, because in all cases it cannot, pursue the judgment.
2ndly. When a ca. sa. has issued, and the defendant being arrested thereon, has given bond in pursuance of the provisions of the act of 1824, for his appearance at court, can he absolve himself from the performance of the conditions of the bond, and resist sue- *447 cessfully the rendition of a judgment thereon, by objecting to the insufficiency of the affidavit? The act of 1831 makes no reference whatever to the act of 1824. It does not provide for the taking of a bond; that is done by the proper force of the act of 1824.
The act of 1831 provides, that the defendant may at any time apply to the court, or the justice from whom .the writ issued, to be discharged therefrom, which the court or justice shall do, if the defendant can make it appear that the plaintiff, his agent or attorney has sworn falsely, or was mistaken, or the grounds laid in the affidavit were insufficient to authorise the issuance of the writ. But if the party discharge himself from the writ; by giving bond pursuant to the act of 1824, shall he on the return of the writ and bond, go behind both, and investigate with the plaintiff, whether the affidavit contains false swearing, whether founded on mistake, or whether insufficient in the grounds laid ?
It would hardly be contended, that he may enquire, under such circumstances, into the truth of the affidavit; then why into its sufficiency? In the case of Street vs. Vandervoot, 7th Yerg. 438, this court held, that the defendant in a ca. sa. waives any objection that may exist to the issuance of the ca.sa. by executing his bond, and undertaking to appear'and discharge himself under the insolvent law. That authority is expressly in point, and is decisive of the question under consideration. We think that case was properly decided, and we adhere to the principle of it.
The judgment of the circuit court will be reversed, and judgment be given here upon the bond.